ELIZABETH K. LEONARD, Respondent, v. THOMAS D. LEONARD, JR., Appellant.— In an action by a wife for separation, a counterclaim was interposed for separation and custody of the three children, issue of the marriage. The appeal is from so much of an order as, on reargument, awarded a counsel fee of $500, payable in two installments, temporary alimony of $85 a week to commence on June 27, 1955, and awarded custody of the children to the wife. The order also provided that, upon receipt of the first installment of the counsel fee, the attorney for the respondent should notice the case for trial. Appellant does not press the appeal from so much of the order as awarded custody of the three children to respondent during the pendency of the action. Order affirmed, with $10 costs and disbursements. Respondent's motion papers were apparently served in November, 1954, but her motion, because of adjournments, was not argued until June 27, 1955. Between November, 1954, and the early part of June, 1955, appellant was supporting and taking care of the children, but respondent who did not have the children with her during that period, was receiving no support from appellant. Apparently the children were with her from the early part of June, 1955. Concededly the cost of maintaining the parties' standard of living was considerably in excess of the amount that appellant claims as his income. He claims that such standard was maintained by his use of inherited funds which have been exhausted or nearly exhausted. He claims that respondent signed joint income tax returns and knows that their " adjusted gross income *is* about $5,000.00 including dividends " (emphasis supplied); that his salary is $5,100 annually and that his free-lance business as a photographer is " practically zero ". No statement is made as to the rental value of, or rental income from, the home which he owns and has elected to rent instead of making it available to respondent. The deductions from total gross income that would produce an adjusted gross income of $5,000 are not itemized; the amount of dividends is not stated, and no copies of the income tax returns are included in the moving papers that might explain such items and show that respondent signed joint tax returns listing an annual adjusted gross income of $5,000. Under the circumstances involved herein, Special Term did not abuse its discretion (cf. *Hodas* v. *Hodas,* 286 App. Div. 1027, and *Bittson* v. *Peggy Equities Corp.,* 284 App. Div. 964). The best protection for a husband in such a case as this is to seek a speedy trial in which the facts can be fully developed. An award of temporary alimony, based on conflicting affidavits, should have no effect upon the Trial Judge in his determination as to whether permanent alimony should be awarded and the amount thereof, if awarded. Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ., concur.